UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARTFORD FINANCIAL SERVICES GROUP, INC., and HUTTIG BUILDING PRODUCTS, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:21CV1508 HEA |
| JINHAI HARDWARE CO., LTD and AMERICAN FASTENERS CO., LTD., | ) ) ) ) |
| Defendants, | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant American Fasteners' ("AFC") Motion to Dismiss, [Doc. No. 23], and Defendant AFCs' Motion for Protective Order, [Doc. No. 34]. Plaintiffs oppose the Motions. For the reasons set forth below, the Motions will be denied.

Plaintiff originally filed this action in the Circuit Court of St. Louis County, Missouri, on November 22, 2021. Defendant AFC removed the case to this Court on December 28, 2021 based on the Court's diversity of citizenship jurisdiction. Defendant Jinhai Hardware Co., LTD has not been served with summons in this matter to date.

## Facts and Background[1]

Plaintiff's Petition alleges the following basis for their suit:

Huttig and Defendant entered into a "Vendor Acknowledgement & Agreement– International," which was executed by Jinhai on February 15, 2017, and endorsed by AFC on February 14, 2017. The Vendor Agreement contains the terms and conditions governing the orders that are the subject of this lawsuit. The Vendor Agreement provides, under paragraph B, that "Vendor agrees Vendor shall be liable for, and shall indemnify and defend Huttig for any claims, losses, damages, expenses, and liabilities (including attorney fees) incurred by Huttig arising out of or relating to any defective and/or nonconforming products supplied by Vendor."

The Vendor Agreement also provides, under paragraph E, that "Vendor hereby certifies to Huttig that Vendor has received, read and understands Huttig's Vendor Code of Conduct and vendor is in compliance and will continue to comply with Huttig's Vendor Code of Conduct, which may be amended from time to time."

Pursuant to paragraph F of the Vendor Agreement, HUTTIG provided JINHAI and AFC with a "Palletization & Container Packing/Loading Requirements" manual which specified Huttig's requirements for palletization,

---

[1] The recitation of the facts herein is set forth for the purposes of these motions only and in no way relieves the parties of the necessary proof thereof in later proceedings.

container packing, and loading for all shipments ordered by HUTTIG from JINHAI and AFC. Pursuant to paragraph F of the Vendor Agreement, Hutting further provided Jinhai and AFC with an "Ocean Container Inspection-Packing Loading Manual" which provided details pertinent to Huttig's container loading and packing requirements for those product shipments from JinHai and AFC. Paragraph F of the Vendor Agreement, Huttig also provided JinHai and AFC with a "Supply Chain Bulletin" dated November 3, 2017, which provided "Updated Palletization & Container Packing/Loading Requirements" for all shipments ordered by Huttig from JinHai and AFC.

In the months preceding November 21, 2017, Huttig issued purchase orders to Defendants for various products to be manufactured, processed, packaged, and shipped by Defendants to Huttig, pursuant to the terms and conditions of the Vendor Agreement, as well as the Terms and Conditions of the Purchase Orders and other instructions and requirements sent by Huttig to Defendants.

Defendants manufactured, processed, packaged, palletized, and loaded the shipments ordered by Huttig into ocean containers for delivery to Huttig. All of this was required to be done in accordance with the respective Purchase Orders for each shipment, the Vendor Agreement between the parties, and other instructions and requirements furnished by Huttig to the Defendants.

On November 21, 2017 and for numerous deliveries thereafter, the

3

shipments at issue arrived at Huttig's premises, but not in the condition and quality specified and agreed upon pursuant to the Vendor Agreement, Purchase Orders, and other instructions and requirements provided by Huttig to the Defendants. Instead, the subject shipments arrived damaged by rust, with serious deficiencies in both their quality and condition. The defective and damaged nature of the shipments delivered were in breach of the Vendor Agreement, Purchase Orders, and other instructions agreed upon by all parties and furnished by Huttig to the Defendants.

As a direct consequence of the defective and damaged condition of the shipments provided by Defendants to Huttig, Huttig has suffered damages, estimated to be approximately $800,000. The damages suffered to the various shipments were not the result of any act or omission on the part of the Plaintiffs, but were instead due solely to the negligence, fault, neglect, and contractual breach of Defendants JinHai and AFC.

At all times pertinent, a contract of insurance for property damage was in effect between Hartford and Huttig which provided coverage for, among other things, cargo loss or damage caused during transit to the subject shipments. Pursuant to the contract of insurance between Hartford and Huttig, monies were expended on Huttig's behalf and to the detriment of Hartford as a result of the damages to the subject shipments during transit. As Hartford has sustained

damages as a result of said expenditures—such expenditures rightly being the responsibility of the Defendants—Hartford has an equitable right of subrogation and indemnification and is subrogated to the rights of its insured, Huttig, with respect to any and all claims for damages and/or indemnification against the Defendants. Additionally, Hartford is subrogated to the rights of Huttig pursuant to the terms of a written agreement between them.

The Petition alleges claims for breach of contract, breach of bailment, and. Negligence.

Defendant AFC move to dismiss this entire action based on Plaintiffs' failure to prosecute their claims against Defendant Jinhai.

## Discussion

**Motion to Dismiss**

There is no dispute that Defendant Jinhai has not been served to date. AFC asserts Plaintiffs are intentionally not pursuing the case against Jinhai and argues the entire action must be dismissed because Jinhai is a necessary party to this action.

The Court has, this date, entered its Order requiring Plaintiff to show cause why this matter should not be dismissed as to Defendant Jinhai for failure to execute due diligence to serve Jinhai within a reasonable time pursuant to Rule 4(h)(2).

5

Defendant AFC argues Jinhai is a necessary party to this suit. However, Plaintiffs argue Rule 19 of the Federal Rules of Civil Procedure allow them to proceed with their claims against AFC without Jinhai.

Rule 19(a)(1) states:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "The focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Tr. Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019) (quoting *LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)) (cleaned up). The Eighth Circuit has also rejected the "flawed premise that joint tortfeasors are necessary parties under Rule 19(b). 'It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.' " *Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir.

6

2010) (quoting *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir.2009)).

AFC has not presented any argument or authority to establish Jinhai claims an interest relating to the subject matter of this action, nor that complete relief may not be accorded between Plaintiffs and AFC if Plaintiffs prove the necessary elements of their claims. AFC was a signatory to the Vendor Agreement, upon which Plaintiffs base their claims. It also signed a Memorandum of Understanding with Jinhai recognizing that the nails were delivered in defective conditions and that AFC was authorized to negotiate with Plaintiffs. The invoices regarding the sale of the material identify AFC as the seller. Based on these facts, it appears Plaintiffs may be able to obtain complete relief. The Motion to Dismiss will be denied.

**Motion for Protective Order**

Defendant AFC moves for a Protective Order staying the noticed deposition of AFC until such time as the Court rules on its Motion to Dismiss. In that this motion has been decided, the Motion for a Protective Order will be denied as moot.

## Conclusion

Defendant has not presented sufficient grounds for dismissal of the entire action based on the failure of Plaintiff to serve Defendant Jinhai.

Accordingly,

7

**IT IS HEREBY ORDERED** that Defendant AFC's Motion to Dismiss, [Doc. No. 23], is denied.

**IT IS FURTHER ORDERED** that Defendant AFCs' Motion for Protective Order, [Doc. No. 34], is denied as moot.

Dated this 29th day of January 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE